UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIE HOOD                                         CIVIL ACTION

VERSUS                                              NO.  08-3205

SHERIFF JACK STRAIN, JR. ET AL.                     SECTION "R" (2)


**FINDINGS AND RECOMMENDATION**

At the time of filing this complaint, plaintiff Willie Hood was an inmate incarcerated in the St. Tammany Parish Jail.  Plaintiff instituted the captioned suit pursuant to 42 U.S.C. § 1983 alleging that he was subjected to various unconstitutional conditions of confinement.  Plaintiff seeks monetary damages and injunctive relief. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated June 13, 2008, a preliminary conference was scheduled in this case on July 17, 2008.  The purpose of the conference was to examine the basis of plaintiff's claims and to select pretrial and trial dates, if appropriate.  Record Doc. No. 8.  However on June 20, 2008, an official at the St. Tammany Parish Jail advised the court that plaintiff had been released on June 14, 2008 and provided the court with the address provided by plaintiff to the prison when he was initially booked.  Accordingly, by order dated June 23, 2008, Record Doc. No. 11, plaintiff was advised of the preliminary conference scheduled on July 17, 2008.  Plaintiff was instructed that he may participate

in the July 17th conference in person or contact my office to make arrangements to participate in the conference by telephone.  Plaintiff was further advised that it is his responsibility to keep the court advised of any address change, Local Rules 11.1E and 41.3.1E, and that failure to comply with the orders of this court may result in dismissal of this case.  This order was mailed to plaintiff at the booking address provided to the court by the prison and has not been returned to the court.  At the time of the conference on July 17, 2008, counsel for defendants appeared via telephone as ordered.  However, plaintiff failed to appear, either in person or by telephone.

Because plaintiff failed to appear on July 17, 2008, by order issued that date, plaintiff was required to appear in person before me on August 6, 2008 to show cause why this case should not be dismissed with prejudice for failure to prosecute and to provide testimony pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.  Plaintiff was specifically instructed that failure again to appear as ordered would result in dismissal of this case with prejudice.  Record Doc. No. 16.  This order was also mailed to plaintiff at the booking address which he had provided at the jail and has not been returned to the court.  At the time of the conference on August 6, 2008 plaintiff again failed to appear in person or contact the court in any way.

In addition to the court's orders attempting to have plaintiff participate in a conference to provide his testimony, by order dated July 16, 2008, Record Doc. No. 15,

plaintiff was advised in writing by the court that a defendant had filed a motion to dismiss plaintiff's case.  Plaintiff was ordered to respond in writing to defendant's motion by August 5, 2008.  Plaintiff was advised that failure to follow the requirements of the court's July 16, 2008 order to respond to defendant's motion might result in a recommendation that defendant's motion be granted without a further hearing.  This order has not been returned to the court and no response from plaintiff has been received.

Although some mail addressed to plaintiff at the jail was returned to the Clerk's Office due to plaintiff's release from prison, no mail addressed to plaintiff at the booking address provided by the jail has been returned to the court.  However, all litigants are obligated to keep the court advised of any address change.  Local Rules 11.1E and 41.3.1E.  In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated March 26, 2008 and signed by plaintiff:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann

- 3 -

v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989);  Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with the

court's June 23 and July 17, 2008 orders to participate in a conference with the court clearly reflects a failure on the part of plaintiff to prosecute.  In addition, plaintiff has failed to comply with the court's orders to file a written opposition to the pending motion to dismiss and to apprise the court of any address change.  Thus, the record establishes that plaintiff has failed to comply with three (3) court orders <u>and</u> a Local Rule of this court, a clear record of purposeful delay or contumacious conduct.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Camp St., New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.  It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.  It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's

suit.  A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

<b><u>RECOMMENDATION</u></b>

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Willie Hood be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____14th_____ day of August, 2008.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

- 6 -